UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOSE VALERIO, on behalf of himself and all
others similarly-situated,

                                 Plaintiff,

    -against-

RNC INDUSTRIES, LLC, and RICHARD TONYES,
in his individual and professional capacities,

                               Defendants.
-------------------------------------------------------------------------X

**COMPLAINT**

**Docket No.**:   14-cv-3761

Jury Trial Demanded

JOSE VALERIO ("Plaintiff"), on behalf of himself and all others similarly-situated ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against RNC INDUSTRIES, LLC ("RNC"), and RICHARD TONYES, in his individual and professional capacities (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

1.    This is a civil action for damages and equitable relief based upon willful violations committed by Defendants of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the minimum wage provisions of the NYLL, N.Y. Lab. Law § 652(1); 12 NYCCRR § 142-2.1; (v) the requirement that employers furnish employees with wage

1

statements on each payday containing specific categories of information under the NYLL, N.Y. Lab. Law § 195(3); and (vi) any other claims(s) that can be inferred from the facts set forth herein.

2.     Defendant Richard Tonyes is the Owner of Defendant RNC who controls and operates the business on a day-to-day basis.

3.     Plaintiff performed manual labor, welding, mechanic, and driver duties for Defendants from in or around April 2011 until in or around May 2014. Throughout his employment, Plaintiff worked eighty to eighty-five hours per week over the course of five to six days each week. However, Defendants deducted two hours of time from Plaintiff's hours worked during each workday, for a total of ten to twelve hours per week, causing Plaintiff not to be paid any compensation for those hours, let alone the statutorily-required overtime or minimum wage rates of pay for those hours, as required by the FLSA, the NYLL, and the NYCCRR. In addition, Defendants failed to furnish Plaintiff with accurate and/or complete wage statements on each payday as required by the NYLL.

4.     Defendants paid and treated all of their non-managerial employees in this same manner.

5.     Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.

6.     Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all other persons similarly-situated during the

applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor's regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. §§ 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff is and was a resident of Medford, New York, and is a "person" and an "employee" entitled to protection as defined by the FLSA and NYLL.

10. At all relevant times herein, Defendant RNC was and is a domestic limited liability company organized under the laws of the State of New York with its principal place of business located at 720 Blue Point Road, Holtsville, New York 11742.

11. At all relevant times herein, Defendant Tonyes was and is the Owner of Defendant RNC.

12. At all relevant times herein, Defendant Tonyes made all managerial decisions on behalf of RNC, including all matters relating to compensation and rates and methods of pay, with respect to Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs, as those terms are defined below.

13. At all relevant times herein, all Defendants are "employers" and "persons" within the meaning of the FLSA and NYLL. Additionally, the Defendants' qualifying annual business exceeds $500,000, and Defendants are engaged in interstate commerce within the meaning of the

FLSA as they purchased products and supplies provided by outside vendors in the course of their business that originated in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise. Furthermore, all of Defendants' employees, including Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs are individually engaged in interstate commerce, as they all handle goods that have been and continue to be moved in interstate commerce. This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff seeks to bring this suit to recover from Defendants unpaid minimum wage, overtime compensation, and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf as well as those in the following collective action:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial employees who give consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them for the time worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them for the time worked in excess of forty hours per week ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: performed similar tasks, as described in the "Background Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were required to work in excess of forty hours each workweek; were not permitted to record all of their hours worked; were not paid at an amount equal to the minimum hourly required rate of

pay for each hour worked in excess of forty for every week worked; and were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the minimum hourly required rate of pay per hour for all hours worked, as well as the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose not to do so.

17. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, or at the minimum wage rate for each hour worked.

## **RULE 23 CLASS ALLEGATIONS**

18. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on his own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, Defendants subjected to violations of the NYLL and NYCCRR.

19. Under the FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

20. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former employees of Defendants who performed any work for Defendants as non-managerial employees during the statutory period within the State of New York who: (1) did not receive compensation at the legally-required minimum rate of pay for each hour worked; (2) worked in excess of forty hours per week without receiving overtime compensation for each overtime hour worked; and (3) were not issued accurate or any paystubs/wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3) ("Rule 23 Plaintiffs").

Numerosity

21. During the previous six years Defendants have, in total, employed at least forty non-managerial employees that are putative members of this class.

Common Questions of Law and/or Fact

22. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: the duties that Defendants required and require each Rule 23 Plaintiff to perform; whether Defendants denied Rule 23 Plaintiffs compensable time for all hours worked; the manner of compensating each Rule 23 Plaintiff; whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week in excess of forty or at the legally-prescribed minimum wage rate for each hour worked in excess of forty; whether Defendants furnished and furnish accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether Defendants kept and maintained records with respect to the compensation that they paid to the

6

Rule 23 Plaintiffs; whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

23. As described in the "Background Facts" section below, Defendants employed Plaintiff as a non-managerial employee. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants, in excess of forty hours per week, as non-managerial employees whom Defendants did not pay for work performed travelling from Defendants' office to their field locations and from those field locations back to Defendants' office. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid their regular rates for all hours worked up to forty and one and one-half times their regular rates of pay for all hours worked per week in excess of forty, and to be furnished with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury including lack of compensation or under-compensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

24. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime pay for all of his hours worked over forty each week, or compensate Plaintiff for all hours worked at the minimum wage rate, which is substantially similar to how Defendants paid the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses, documents, and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

Superiority

25. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26. Any lawsuit brought by a non-managerial employee of the Defendants would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

27. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

28. Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

29. Defendant Tonyes controls, owns, operates, and makes all managerial decisions on behalf of Defendant RNC, including those with respect to the manner of compensating employees and the hours that the Defendants require their employees to work.

30. Defendant Tonyes has final say over all managerial decisions and exercises that authority on a daily basis with respect to Defendant RNC.

31. Defendant RNC is a construction contractor located at 720 Blue Point Road, Holtsville, New York 11742.

32. Plaintiff's employment at Defendant RNC spanned from in or around April 2011 until in or around May 2014.

33. Plaintiff worked for Defendants as a welder, mechanic, and driver with his principal responsibilities being to perform manual labor, welding, mechanic, and driver duties solely within the state of New York for Defendants.

34. Throughout Plaintiff's entire period of employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, eighty to eighty-five hours each week, all for Defendants' benefit.  To work these hours, Plaintiff worked five to six days per week.

35. Plaintiff's regular rates of pay ranged from $18 per hour to $21 per hour, making his overtime rates between $27 and $31.50 per hour.

36. Throughout Plaintiff's entire employment with Defendants, Defendants deducted two hours of time from each day that Plaintiff worked, for a total of ten to twelve deducted hours each week.  Defendants did not pay Plaintiff for these deducted hours, which should have been paid as overtime compensation due to the number of hours Plaintiff worked each workweek.

37. During a recorded conversation, Plaintiff complained about Defendants' deductions to Defendants' Purchase Manager, Steve Poulos, and requested pay for his uncompensated work. Poulos told Plaintiff that "you are not going to get it . . . you are going to get minus two hours" for each day he had to drive from Defendants' office to Defendants' field locations, and from Defendants' field locations to Defendants' office. Poulos dismissed Plaintiff's complaint and told Plaintiff to "get the fuck out of here."

38. Defendants did not record and did not permit Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs to record all of their hours worked.

39. Defendants acted in this reckless manner in an effort to maximize their profits and minimize labor costs.

40. On the occasions when Defendants paid Plaintiff, Defendants intentionally did not furnish Plaintiff with statements that accurately listed all of the following: Defendants' telephone number(s); Plaintiff's regular rate of pay; Plaintiff's overtime rate of pay; the number of hours Plaintiff worked; and the basis for computing Plaintiff's rates of pay.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

41. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

43. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

10

44. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours each week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

45. The Defendants' actions were in willful violation of the FLSA.

46. Plaintiff and FLSA Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

47. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, attorneys' fees, and costs for the Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Minimum Wage Violations of the FLSA*

48. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked. Minimum wage under the FLSA during all relevant times ranged from $5.85 to $7.25 per hour.

50. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

51. As also described above, Defendants did not compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for all hours worked.

52. Defendants' actions were willful violations of the FLSA.

53. Plaintiff and FLSA Plaintiffs are entitled to payment at the minimum wage for every hour they worked for Defendants pursuant to the FLSA's minimum wage provisions.

54. Plaintiff and FLSA Plaintiffs are entitled to liquidated damages, attorneys' fees, and costs for Defendants' violations of the FLSA's minimum wage provisions.

### THIRD CLAIM FOR RELIEF AGAINT DEFENDANTS
*Unpaid Overtime under the NYLL and NYCCRR*

55. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. NYLL § 160 and the executing provisions of 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

57. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

58. As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty hours each week, yet Defendants failed to compensate Plaintiff and Rule 23 Plaintiffs in accordance with the NYLL's and NYCCRR's overtime provisions.

59. The Defendants' actions were in willful violation of the NYLL and NYCCRR.

60. Plaintiff and Rule 23 Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at one and one-half times their regular rates of pay.

61. Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for the Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Minimum Wage Violations of the NYLL and NYCCRR*

62. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. NYLL § 652(1) and the executing provisions of 12 NYCCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked. Minimum wage under the NYLL and NYCCRR during all relevant times ranged between $7.15 and $7.25 per hour.

64. As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and NYCCRR.

65. As also described above, Defendants did not compensate Plaintiff and Rule 23 Plaintiffs at the minimum hourly rate required by the NYLL and NYCCRR for all hours worked.

66. The Defendants' actions were in willful violation of the NYLL and NYCCRR.

67. Plaintiff and Rule 23 Plaintiffs are entitled to payment at the minimum wage for every hour that they worked for Defendants pursuant to the NYLL's and NYCCRR's minimum wage provisions.

68. Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for the Defendants' violations of the NYLL's and NYCCRR's minimum wage provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

69. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

71. As described above, Defendants willfully failed to furnish Plaintiff and Rule 23 Plaintiffs on each payday with accurate wage statements containing the criteria required under the NYLL.

72. Pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100 for each failure of this sort.

73. For their failures, besides the statutory penalties, Defendants are also liable to Plaintiff and Rule 23 Plaintiffs for liquidated damages, attorneys' fees, and costs.

## DEMAND FOR A JURY TRIAL

74. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

B. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participation in any form in this litigation;

D. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA

Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  E. Certification of the claims brought in this case under the NYLL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

  F. Designation of Plaintiff Valerio as representative of the Class, and counsel of record as Class Counsel;

  G. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

  H. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  I. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, other costs, and an award of a service payment to Plaintiff Valerio;

  J. Pre-judgment and post-judgment interest, as provided by law; and

K.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief

as this Court finds necessary and proper.

Dated: Great Neck, New York
       June 16, 2014

>                               Respectfully submitted,
>
>                               BORRELLI & ASSOCIATES, P.L.L.C.
>                               *Attorneys for Plaintiff*
>                               1010 Northern Boulevard, Suite 328
>                               Great Neck, NY 11021
>                               Tel.:   (516) 248 – 5550
>                               Fax.:   (516) 248 – 6027
>
>                       By:     ____s/Michael J. Palitz_____
>                               MICHAEL J. PALITZ (MP 7883)
>                               ALEXANDER T. COLEMAN (AC 8151)
>                               MICHAEL J. BORRELLI (MB 8533)