UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JOSE VALERIO, on behalf of himself and all others
similarly-situated,

                      Plaintiff,

          -against-

RNC INDUSTRIES, LLC, and RICHARD TONYES, in
his individual and professional capacities,

                      Defendants.
-------------------------------------------------------------------------x

Civil Action No. 14-CV-3761
(LDW)(AKT)

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE PURSUANT TO 29 U.S.C. § 216(B)

 

TRIVELLA & FORTE, LLP
JONATHAN BARDAVID (JB 0072)
*Attorneys for Defendants*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Tel. No.: (914) 949-9075

## TABLE OF CONTENTS

STATEMENT OF FACTS ................................................................................................3
LEGAL STANDARD......................................................................................................5
ARGUMENT ...................................................................................................................6
   I.   PRELIMINARY CERTIFICATION IS INAPPROPRIATE BECAUSE THE PLAINTIFF HAS NOT IDENTIFIED A SPECIFIC, COMMON POLICY OR PRACTICE THAT VIOLATES THE LAW. ...................................................................................................6
   II.   THE PLAINTIFFS' PROPOSED NOTICE AND CONSENT FORM IS IMPROPER AND INSUFFICIENT ...................................................................................................10
CONCLUSION ..............................................................................................................14

## TABLE OF AUTHORITIES

**Cases**

Braunstein v. Eastern Photographic Labs, Inc., 600 F.2d 335 (2d Cir. 1978) ............................. 10
Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 91 (S.D.N.Y.2003) .......................... 5
Guan Ming Lin v. Benihana Nat'L Corp., 755 F.Supp.2d 504 (S.D.N.Y. 2010) ....................... 6, 8
Guillen v. Marshalls of MA, Inc., 750 F.Supp.2d 469 (S.D.N.Y. 2010) ........................................ 6
Hintergerger v. Catholic Health Sys., No. 08-CV-380S, 2009 WL 3464134 (W.D.N.Y. Oct. 21, 2009) .................................................................................................................................................. 10
Hoffman v. Sbarro, Inc., 982 F.Supp.249 (S.D.N.Y. 1997) .................................................... 6, 10
Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989) ...................................................... 10
Juarez v. 449 Rest., Inc., No. 13-CV-6977 AJN, 2014 WL 3361765 (S.D.N.Y. July 2, 2014) ..... 7
Masson v. Ecolab, Inc., No. 04 Cv. 4488 (MBM), 2005 WL 2000133 (S.D.N.Y. Aug. 17, 2005) 5
McGlone v. Contract Callers, Inc., 867 F.Supp.2d 438 (S.D.N.Y. 2012) ..................................... 6
Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010) ...................................................................... 6
Qing Gu v. T.C. Chikurin, Inc., No. CV 2013-2322 (SJ) (MDG), 2014 WL 1515877 (E.D.N.Y. Apr. 17, 2014) ................................................................................................................................. 8
Romero v. H.B. Auto. Group, Inc., No. 11 CIV. 386 (CM), 2012 WL 1514810 (S.D.N.Y. May 1, 2012) ............................................................................................................................................... 7
Sharma v. Burberry Ltd., No. CV 12-6356 (LDW)(AKT), 2014 WL 4385426 (E.D.N.Y. Sept. 4, 2014) ............................................................................................................................................... 9
Smith v. T-Mobile USA, Inc., No. CV 05-5274, 2007 WL 2385131 (C.D. Cal. Aug. 15, 2007) .. 7
Vasquez v. Vitamin Shoppe Indus. Inc., No. 10 CIV. 8820 (LTS)(THK), 2011 WL 2693712 (S.D.N.Y. July 11, 2011) ............................................................................................................... 10
Woods v. New York Life Ins. Co., 686 F.2d 578 (7th Cir. 1982) ................................................ 10

**Statutes**

29 U.S.C. § 201 et seq. .................................................................................................................. 3

**Treatises**

Wright, Miller, & Kane, 7B Federal Practice and Procedure, § 1807 ........................................... 5

## PRELIMINARY STATEMENT

Defendants RNC Industries, LLC. ("RNC") and Richard Tonyes submit this Memorandum of Law in opposition to the motion of Jose Valerio ("Plaintiff") seeking conditional certification of this action as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

As set forth more fully herein, conditional certification of this case as a collective action should be denied because Plaintiff cannot establish that he and other similarly situated employees were subject to an unlawful company-wide wage and hour policy. Specifically, the crux of Plaintiff's allegation is that RNC had a policy of deducting up to two hours a day for time spent by the Plaintiff traveling from RNC's office in Holtsville, New York to various field construction locations. Strikingly absent from Plaintiff's submission is any evidence there were other employees who were required to travel during the work day between RNC's offices and various field locations. To the contrary, the undisputed record establishes that Plaintiff was the only RNC employee in the past three years who traveled between RNC's office in Holtsville, New York and various field locations. Thus, even assuming for the purposes of this motion that Plaintiff was not properly compensated for certain travel time, Plaintiff has failed to satisfy his burden of establishing a uniform policy that was applied to similarly situated employees and accordingly the motion for conditional certification should be denied.

## STATEMENT OF FACTS

RNC is a domestic business corporation, which specializes in all phases of reinforced concrete foundation and superstructure construction, excavation, and underpinning throughout the Tristate area. The majority of RNC's employees work at various construction sites in the Tristate area. Each of the construction sites is supervised by a different foreman who is responsible for

3

overseeing the day to day operations, including payroll policies and procedures. Deposition of Jose Valerio, dated April 22, 2015[1] ("Valerio Deposition") at p. 49, ll. 12-25. In addition to construction sites, RNC operates a small construction yard at 720 Blue Point Road, Holtsville, New York. Mr. Steven Poulos supervised the laborers who work in Holtsville, New York. Valerio Deposition at p. 49, ll. 12-25. Mr. Poulos does not have any supervisory responsibility, including for payroll, for RNC's employees that work at construction sites. Valerio Deposition at p. 49, ll. 12-25.

In his Complaint the Plaintiff alleges he was employed by RNC from April 2011 through May 2014 and performed manual labor, welding, mechanic, and driver duties for RNC. See Complaint at ¶ 3, copy annexed to the Declaration of Anthony P. Malecki, dated March 30, 2015 in support of Plaintiff's motion for conditional certification ("Malecki Declaration") as Exhibit 1. The crux of Plaintiff's Complaint is that RNC deducted up to two hours a day from his pay for the time he spent traveling from RNC's shop located in Holtsville, New York to various field locations and the time spent traveling back to Holtsville, New York at the end of the day. See Complaint at ¶¶ 36-37; Declaration of Jose Valerio, dated March 30, 2015 at ¶ 4, copy annexed to the Malecki Decl. as Exhibit 3 (herein after "Valerio Decl."); Valerio Deposition at p. 21, ll. 10-14; p. 22, ll. 22-24; p. 50, ll. 16-23. During his deposition Plaintiff conceded he punched in at the beginning of his shift and punched out at the end of his shift and that he did not perform any work before punching in or after punching out. See Valerio Deposition at p. 14, ll. 17-25; p. 15, ll. 1-8. Plaintiff also conceded that he was provided a half hour each day for lunch and that he did not perform any work during his lunch break. See Valerio Deposition at p. 15, ll. 12-18.

---

[1] A copy of relevant portions of the Valerio Deposition are annexed to the Declaration of Jonathan Bardavid, dated May 11, 2015 as Exhibit 1.

Since the filing of the Complaint, Bruno Romero, Ancelmo Chica-Vigil, Jose Mendoza, Carlos Humberto Romero Carillo and Ignacio Romero Marquez (collectively the "Opt-In Plaintiffs") filed consents to join this litigation. It is undisputed that all of these Opt-In Plaintiffs only worked in one of two construction yards in Long Island, New York and were not required to travel from Long Island, New York to various construction sites. See Valerio Deposition at p. 52, ll. 14-23; p. 54, ll. 7-13, 25; p. 55, ll. 1-2; p. 57, ll. 11-25; p. 58, ll. 1-4; p. 59, ll. 13-21; Transcript of the deposition of Carlos Humberto Carrillo Romero, dated April 22, 2015[2] ("Carlos Romero Deposition") at p. 21, ll. 7-10; Transcript of the Deposition of Ancelmo Chica-Vigil, dated April 27, 2015[3] ("Chica-Vigil Deposition") at p. 17, ll. 14-25.

## LEGAL STANDARD

In collective actions, courts in the Second Circuit frequently follow a two-stage certification process. Masson v. Ecolab, Inc., No. 04 Cv. 4488 (MBM), 2005 WL 2000133, at *13 (S.D.N.Y. Aug. 17, 2005); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 91, 96 (S.D.N.Y.2003). At the first stage, the court examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated. Masson, 2005 WL 2000133, at *13. If the court finds that they are, it conditionally certifies the class and permits notice to be sent to putative class members. Id.; Wright, Miller, & Kane, 7B Federal Practice and Procedure, § 1807, at 492-93. At the second stage, the employer can move to decertify the class if discovery reveals that the claimants are not similarly situated. Masson, 2005 WL 2000133, at *14.

---

[2] Excerpts of the Carlos Romero Deposition are annexed to the Bardavid Decl. at Exhibit 2.
[3] Excerpts of the Chica-Vigil Deposition are annexed to the Bardavid Decl. at Exhibit 3.

5

The FLSA does not define "similarly situated" nor does it set forth standards for determining whether the requirement has been met. Id. However, courts will consider whether the plaintiffs have established a sufficient "factual nexus" between their situation and the situation of other putative collective action members. Guan Ming Lin v. Benihana Nat'L Corp., 755 F.Supp.2d 504, 509 (S.D.N.Y. 2010). In this Circuit, "courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffman v. Sbarro, Inc., 982 F.Supp.249, 261 (S.D.N.Y. 1997) (citing cases). However, "the certification is not automatic." McGlone v. Contract Callers, Inc., 867 F.Supp.2d 438, 443 (S.D.N.Y. 2012). "The burden is not non-existent and the factual showing, even if modest, must still be based on some substance." Guillen v. Marshalls of MA, Inc., 750 F.Supp.2d 469, 480 (S.D.N.Y. 2010).

## ARGUMENT

### I. PRELIMINARY CERTIFICATION IS INAPPROPRIATE BECAUSE THE PLAINTIFF HAS NOT IDENTIFIED A SPECIFIC, COMMON POLICY OR PRACTICE THAT VIOLATES THE LAW.

At the outset Plaintiff has not plead facts sufficient to "establish that... [he was] ... subject to a common policy or practice." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010). See also Hoffman, 982 F. Supp. at 261 (explaining that plaintiffs seeking conditional certification must show they are "victims of a common policy or plan that violated the law"). In Smith v. T-Mobile USA, Inc. the court denied conditional certification where the plaintiffs failed to identify a common policy or plan by the defendant. The court held:

> Plaintiffs' common allegation that Defendants unlawfully required them to work off-the-clock and denied them overtime pay arises out of different fact patterns: some declarants say that they were required to work "off-the-clock" at outreach events and training sessions; other say that they just worked extended hours not originally scheduled... others say that their store managers told them not to record their overtime in the first place.... Thus, while plaintiffs' claim that they were

6

> illegally denied overtime pay is ostensibly a common legal nexus giving rise to a common injury, that commonality is illusory because the underlying allegations are disparate.

Smith v. T-Mobile USA, Inc., No. CV 05-5274, 2007 WL 2385131, at *5 (C.D. Cal. Aug. 15, 2007).

Here, Plaintiff fails to provide any factual nexus between the allegations in the Complaint and his Declaration that he and other employees of RNC were subjected to a uniform company-wide policy of refusing to pay for time traveled from RNC's construction yard to construction sites. Indeed, Plaintiff appears to rely heavily on the fact that the courts have described the burden for conditional certification as "modest" and sets forth boilerplate allegations. To that end the cases cited on pages 8 and 9 of Plaintiff's Memorandum of Law in Support of Motion for Conditional Certification Pursuant to 29 U.S.C. §216(b) do not support Plaintiff's motion. In each of the cases cited by Plaintiff the plaintiff and the additional declarants in those cases provided considerably more detail than the bare bones declarations submitted in the instant action. See e.g., Juarez v. 449 Rest., Inc., No. 13-CV-6977 AJN, 2014 WL 3361765 (S.D.N.Y. July 2, 2014)(plaintiff alleged, "he worked more than 40 hours per week and more than 10 hours per day [that] the restaurants never monitored or recorded the hours [he] worked, [that] he was paid a set weekly salary that did not include overtime or spread-of-hours compensation [and] that [o]ther workers he knew… were paid in the same fashion."). Further, discovery confirms that Plaintiff does not allege that the other employees identified in his Declaration were subject to the same policy as him, or that any illegal policy exists, which is fatal to his claims. See e.g., Romero v. H.B. Auto. Group, Inc., No. 11 CIV. 386 (CM), 2012 WL 1514810 at *11 (S.D.N.Y. May 1, 2012).

Furthermore, it is well settled that, "[a]lthough plaintiffs' burden is not onerous, they must provide actual evidence of a factual nexus between their situation and those that they claim are similarly situated rather than mere conclusory allegations." Qing Gu v. T.C. Chikurin, Inc., No. CV 2013-2322 (SJ) (MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014). Indeed, courts have denied motions for conditional certification where the plaintiff failed to establish that the employer violated the FLSA in the same manner as to plaintiff and other employees. Guan Ming Lin v. Benihana Nat'l Corp., 755 F.Supp.2d 504, 509–10 (S.D.N.Y.2010). Here, the crux of Plaintiff's claim is Defendants deducted up to two hours a day from his hours worked for time spent traveling between RNC's office located in Holtsville, New York and various field construction sites. See Complaint at ¶¶ 3, 33, 33-37; Valerio Decl. at ¶ 4. While Plaintiff has identified in his Declaration various other RNC employees allegedly subject to the same policy, Plaintiff concedes none of the RNC employees identified in his Declaration and/or who have opted into this litigation ever drove from RNC's offices to field locations. See Valerio Deposition at p. 27, ll. 19-25; p. 28, ll. 7-9; Carlos Romero Deposition at p. 21, ll. 7-11; Chica-Vigil Deposition at p. 18, ll. 1-12. Thus, Plaintiff has failed to, "provide actual evidence of a factual nexus between [his] situation and those that [he] claim[s] are similarly situated ...." Qing Gu, 2014 WL 1515877, at *3. Therefore, Plaintiff's motion, respectfully, should be denied. Guan Ming Lin, 755 F.Supp.2d at 509–10.

Alternatively, Plaintiff's attempt to conditionally certify this case as a collective action on behalf of all non-managerial employees of RNC is overbroad and unwarranted. While the Complaint contains allegations about RNC's offices in Holtsville, New York there are no allegations, nor has Plaintiff submitted any evidence, that the alleged pay practices extend beyond RNC's office in Holtsville, New York. By defining the proposed collective class as all

non-managerial employees employed by RNC, Plaintiff seeks to conditionally certify this case on behalf of all of RNC's non-exempt employees, the majority of whom work at various field locations. This Court, however, has expressly rejected such an attempt. In <u>Sharma v. Burberry Ltd.</u>, No. CV 12-6356 (LDW)(AKT), 2014 WL 4385426, at *3 (E.D.N.Y. Sept. 4, 2014) the plaintiffs sought to conditionally certify a nationwide collective action on behalf of employees at Burberry stores located throughout the United States. This Court recognized that "where plaintiffs fail to provide specific factual allegations, courts routinely deny leave to send a collective action notice." <u>Sharma</u>, 2014 WL 4385426 at *14. In <u>Sharma</u> this Court limited collective action certification to those stores where the plaintiffs and/or opt-in plaintiffs actually worked. <u>Id.</u> at *15. Here, the Plaintiff, the Opt-In Plaintiffs, and all other employees identified by Plaintiff worked at one of two construction yards operated by RNC in Long Island, New York. Indeed, the three Opt-In Plaintiffs who have been deposed testified that they never worked in the field and expressed a different complaint than the one expressed by Plaintiff regarding the manager of the Holtsville, New York location. It is undisputed that the manager of the Holtsville, New York location did not supervise any field employees and was not responsible for the pay practices of any field employees. <u>See</u> Valerio Deposition at p. 49, ll. 12-25; Carlos Romero Deposition at p. 10, ll. 21-25; p. 23, ll. 19-21; p. 25, ll. 11-19; p. 31, ll. 4-14; Chica-Vigil Deposition at p. 10, ll. 10-18; p. 12, ll. 1-10; p. 17, ll. 14-22; p. 18, ll. 1-12; Mendoza Deposition at p. 19, ll. 8-17; p. 22, ll. 5-7; p. 48, ll. 20-25; p. 49, ll. 1-5; p. 57, ll. 15-19. Thus, while Defendants assert that the motion for collective certification should be denied, to the extent the Court is inclined to grant Plaintiff's motion, notice should be limited to all non-exempt employees of RNC who performed manual labor at RNC's Holtsville, New York location. <u>See</u> <u>Vasquez v. Vitamin Shoppe Indus. Inc.</u>, No. 10 CIV. 8820 (LTS)(THK), 2011 WL 2693712, at

*4 (S.D.N.Y. July 11, 2011) (limiting collective certification to locations where plaintiff actually worked).

## II. THE PLAINTIFFS' PROPOSED NOTICE AND CONSENT FORM IS IMPROPER AND INSUFFICIENT

To the extent the Court determines that conditional certification is appropriate, Defendants submit that Plaintiffs' proposed "Court Authorized Notice" is improper as drafted. Defendants respectfully request that the parties be provided an opportunity to meet and confer regarding the proposed notice and to thereafter raise any unresolved objection with the Court. In an abundance of caution, and without waiver of the right to assert additional objections if the parties are provided an opportunity to meet and confer Defendants assert the following objections to the proposed Notice.

First, the proposed Notice should not indicate that it is a "Court Authorized Notice" or otherwise suggest that it has been issued by the "United States District Court, Southern District of New York." For the reasons stated by the Seventh Circuit in Woods v. New York Life Ins. Co., 686 F.2d 578, 580 (7th Cir. 1982) this language suggests the notice is sponsored by the Court and Plaintiffs' claims have been found by the Court to have merit. Assuming that the Court allows the Plaintiffs to send a notice, the Plaintiffs are only authorized to send notice of the lawsuit. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Braunstein v. Eastern Photographic Labs, Inc., 600 F.2d 335 (2d Cir. 1978); Hoffman., 982 F.Supp. at 261 (S.D.N.Y. 1997).

Next, Defendants object to the posting of the Notice. A daily reminder of the lawsuit is unnecessary and prejudicial to Defendants, particularly since there is no indication that a mailing is insufficient. See Hintergerger v. Catholic Health Sys., No. 08-CV-380S, 2009 WL 3464134, at *13 (W.D.N.Y. Oct. 21, 2009) (holding that the request to post notice premature, as Defendant had not yet provided mailing addresses so there was no basis to presume that mailing the notice

10

would be incomplete or inaccurate). The Notice if authorized should only be mailed to the potential plaintiffs in a blank envelope, and should not include any cover letter from Plaintiffs' counsel or other identification from Plaintiffs' counsel such as Plaintiffs' counsel's envelope.

Additionally, the proposed Notice contains information that is duplicative and repetitive, and uses language that encourages people to join the lawsuit. Potential plaintiffs should understand, and language should be included to make clear, that they will be required to participate in discovery and in a trial of this matter. The Notice should also include Defendants' counsel's contact information so as not to appear to be a court authorized attorney solicitation by Plaintiffs' counsel.

The notice to potential plaintiffs should be limited to those employees who were employed by Defendants for the period commencing from two years (or three years depending on the Court determination of the appropriate statute of limitations) before the date the Court issues it decision on this motion through the date this motion was filed and who were employed at RNC's offices in Holtsville, New York.

The proposed Consent Form does not indicate that, by entering the case as a party plaintiff, the potential plaintiffs understand they may be liable for any costs and fees associated with the action. The Defendants suggest any Notice and Plaintiff Consent Form should both include the following language:

> If you join this action and there is no recovery in this action, or if the recovery in this action is less than any offer in judgment that is made by Defendants to settle this action, you may be required by the Court with the other Plaintiffs to pay Defendants' attorneys' fees and costs. If you join this action Plaintiffs' counsel or an attorney you choose will require you to sign a retainer requiring you to share any settlement with the Defendants or Court award with that attorney, and you may be liable to that attorney for any deposition fees and court costs associated with this action. If you join this action the other named Plaintiffs will make decisions on your behalf as to how and when to settle the lawsuit.

11

> You also have the right to not join this action and not go to Court and to privately settle any wage or other dispute you have with your employer. If you join this action your attorney in the action will not be able to represent only your interests but will be required to represent all of the Plaintiffs' interests. Prior to joining the action you can speak to your employer and settle any issue you have with your employer without involving the other Plaintiffs in this action or the Plaintiffs' attorney and without paying the Plaintiffs' attorney. Any settlement you enter with your employer privately without joining this litigation you will not have to share with Plaintiffs' counsel or any other Plaintiff. If you settle with your employer you will not have to litigate the causes of action of the other Plaintiffs in this action which are different from your own. Once you join this action your employer will not be able to settle any wage claim you have privately with you, but will have to negotiate with you through your attorney. Any amount paid to settle your claim after you join the lawsuit will have to be shared with your attorney, where if you settle with your employer prior to joining the lawsuit you keep the entire settlement. If you join this lawsuit your attorney can sue you to collect his fee.

Without the above language the potential Plaintiffs will not be fully apprised of their rights, including the right to privately settle any claim they may have without opting into this action, and their obligations if they do join the lawsuit under the attorney retainer and including their obligation to pay any Order of the Court requiring the payment of Defendants' attorneys' fees if Defendants prevail.

To the extent that the Court requires details for the above objections Defendants assert the following additional changes should be made to the proposed notice.

1. The first sentence of the first bullet point on page 1 of the Notice should be deleted. In the last line of the bullet point, the language "including all minimum wages and overtime due" should be replaced with the language "in excess of forty (40) hours per week" as the FLSA does not encompass claims for minimum wage.

2. The chart entitled "YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT" should be deleted from the bottom of page 1 of the Notice, as it is duplicative of information contained elsewhere in the Notice.

3. On page 2, Section 1, the language "in a position that is similar to Plaintiff" should be deleted as it is confusing and unclear. Additionally the following new language should be added to this paragraph: "The Court takes no position as to whether an employee should or should not join the case. A lengthy trial may be necessary to determine whether the claims being made against Defendants are meritorious."

4. On page 2, section 2, the proposed language should be deleted and replaced with the following: "This action has not been certified as a collective action. It has only been conditionally certified to allow the service of this Notice. In a collective action lawsuit, one or more persons who have similar claims can bring a lawsuit that includes others who have similar claims. All employees who decide to participate in the case may be deemed at some future date by the Court to be part of a "Collective" or "Collective Action Members". The Court may also determine the case should not proceed as a collective action. The current and former employees who brought this lawsuit or who have opted into the lawsuit are called the Plaintiffs. The corporations and individuals that they have sued are called the Defendants."

5. Page 2, section 3 should be deleted in its entirety as it is duplicative of information contained elsewhere in the Notice.

6. Page 2, section 4 should include the following: "If you have questions regarding this lawsuit, you may contact the attorneys in this case at the phone number or address listed below. You are also free to represent yourself or consult with your own attorney to represent you in this action.

| Borrelli & Associates, PLLC | Trivella & Forte, LLP |
|---|---|
| *Attorneys for Plaintiffs and* | *Attorneys for Defendants* |
| *The Conditionally Certified Class* | 1311 Mamaroneck Avenue |
| 655 Third Avenue, Suite 1821 | Suite 170 |

13

|  |  |
|---|---|
| New York, New York 10017 | White Plains, New York |
| (516) 248-5550 | (914) 949-9075 |

7. Page 2, section 5 should include the following language: "While this suit is pending you may be asked to provide documents or information relating to your employment or otherwise participate in written and/or oral discovery proceedings and depositions and/or in a trial of this matter."

8. Add the following language to the Notice: "If you decide to file an individual action for your wage claim instead of joining this collective action you are not required to fill out or mail the consent form."

## CONCLUSION

For the reasons set forth supra, the Court should, respectfully, deny the Plaintiff's motion in its entirety together and award the Defendants their costs and attorneys' fees in opposing this motion and action, together with such other and .

Dated: White Plains, NY
       May 11, 2015

                                          Respectfully submitted,
                                          TRIVELLA & FORTE, LLP

                                          /s/ *Jonathan Bardavid*
                                          BY: JONATHAN BARDAVID (JB 0072)
                                          *Attorneys for Defendants*
                                          1311 Mamaroneck Avenue, Suite 170
                                          White Plains, New York 10605
                                          Tel. No.: (914) 949-9075