# Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT (the "Agreement") is hereby made and entered into by and between JOSE VALERIO, OMAR PADILLA, ANTHONY LEO, BRUNO ROMERO, CARLOS HUMBERTO ROMERO CARILLO, JOSE MENDOZA, IGNACIO ROMERO MARQUEZ, ANCELMO CHICAS VIGIL, and DOUGLAS FRIELY, on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors and administrators (the "Plaintiffs"), on the one hand, and RNC INDUSTRIES, LLC, a New York limited liability company, and RICHARD TONYES, an individual, on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors and administrators (collectively herein as the "Defendants"), on the other hand (all, collectively as the "Parties").

## RECITALS

**WHEREAS**, on June 16, 2014, Plaintiff Jose Valerio, on behalf of himself and all others similarly-situated, through his attorneys, filed a lawsuit and Consent to Join form, asserting claims against the Defendants for alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, and related regulations (together, the "FLSA"), and the New York Labor Law (together, the "NYLL"), claiming allegedly unpaid overtime compensation, unpaid minimum wages, and wage statement penalties (hereinafter, the "Wage Claims"), in an action filed in the United States District Court for the Eastern District of New York (the "Court"), entitled *Jose Valerio, et al. v. RNC Industries, LLC, et al.*, Docket No.: 1:14-cv-3761(LDW)(AKT) (the "Action"); and

**WHEREAS**, on July 10, 2014, Plaintiffs, Jose Mendoza, Carlos Humberto Romero Carillo, and Bruno Romero, through their attorneys, filed a Consent to Join form with the Court, thereby joining the Action as a Plaintiff, and asserting the Wage Claims against the Defendants, jointly and severally; and

**WHEREAS**, on November 18, 2014, Plaintiff Ancelmo Chica Vigil, through his attorneys, filed a Consent to Join form with the Court, thereby joining the Action as a Plaintiff, and asserting the Wage Claims against the Defendants, jointly and severally; and

**WHEREAS**, on March 30, 2015, Plaintiff Ignacio Romero Marquez, through his attorneys, filed a Consent to Join form with the Court, thereby joining the Action as a Plaintiff, and asserting the Wage Claims against the Defendants, jointly and severally; and

**WHEREAS**, on June 2, 2016, Plaintiff Douglas Friely, through his attorneys, filed a Consent to Join form with the Court, thereby joining the Action as a Plaintiff, and asserting the Wage Claims against the Defendants, jointly and severally; and

**WHEREAS**, on June 10, 2016, Plaintiff Omar Padilla, through his attorneys, filed a Consent to Join form with the Court, thereby joining the Action as a Plaintiff, and asserting the Wage Claims against the Defendants, jointly and severally; and

**WHEREAS**, on July 11, 2016, Plaintiff Anthony Leo, through his attorneys, filed a Consent to Join form with the Court, thereby joining the Action as a Plaintiff, and asserting the Wage Claims against the Defendants, jointly and severally; and

**WHEREAS**, the Parties to this Agreement mutually desire to fully resolve and forever settle all claims asserted by the Plaintiffs in the Action for the purpose of avoiding the time, expense and inconvenience of further litigation; and

**WHEREAS**, Defendants deny any and all wrongdoing as alleged by Plaintiffs; and

**WHEREAS**, all Parties to this Agreement are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and all Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel; and

**WHEREAS**, all Parties to this Agreement have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion; and

**NOW THEREFORE**, with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all of the Parties hereto, IT IS HEREBY AGREED by and between the Parties as follows:

## AGREEMENT AND RELEASE

(1) <u>Submission of Agreement for Court Approval; Dismissal of the Action</u>. The Parties shall jointly provide this Agreement to the Court for review and approval, together with the proposed Order of Dismissal with Prejudice annexed to this Agreement as Exhibit A, by submitting these documents to Judge Wexler and taking whatever steps may be necessary at the Court's instructions to obtain approval of this Agreement and dismissal of this Action. This Agreement shall not become final and binding upon the Parties until it has been approved by the Court as a fair and reasonable disposition of the Plaintiffs' FLSA claims asserted in the Action. The Parties shall request that the Court retain jurisdiction over the Action solely for the purpose of enforcing this Agreement, if necessary.

(2) <u>No Admission of Liability</u>. The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or to anyone else as a result of or growing out of the matters set forth in the Action, or which could have been raised in such suit.

(3) <u>Settlement Amount</u>.

(a) *<u>Negotiated Settlement Amount</u>*. Within five days of the Court's approval of this Agreement as set forth in paragraph 1 above, the Defendants agree to pay the Negotiated Settlement Amount (hereinafter "Settlement Amount") of Two Hundred Ten Thousand and 00/100

Dollars ($210,000.00), for the purpose of settling the Action. The $210,000.00 Settlement Amount shall be distributed as follows:

(1) $25,000.00 as wages, less applicable payroll taxes, deductions, withholdings, to be reported on IRS Form W-2, and to be made payable to "Jose Valerio";

(2) $75,000.00 as liquidated and other damages, to be reported on IRS Form 1099, and to be made payable by check to "Jose Valerio";

(3) $212.75 as wages, less applicable payroll taxes, deductions, withholdings, to be reported on IRS Form W-2, and to be made payable to "Omar Padilla";

(4) $638.25 as liquidated and other damages, to be reported on IRS Form 1099, and to be made payable by check to "Omar Padilla";

(5) $911.49 as wages, less applicable payroll taxes, deductions, withholdings, to be reported on IRS Form W-2, and to be made payable to "Anthony Leo";

(6) $2,734.48 as liquidated and other damages, to be reported on IRS Form 1099, and to be made payable by check to "Anthony Leo";

(7) $2,316.58 as wages, less applicable payroll taxes, deductions, withholdings, to be reported on IRS Form W-2, and to be made payable to "Bruno Romero";

(8) $6,949.75 as liquidated and other damages, to be reported on IRS Form 1099, and to be made payable by check to "Bruno Romero";

(9) $1,757.24 as wages, less applicable payroll taxes, deductions, withholdings, to be reported on IRS Form W-2, and to be made payable to "Carlos Humberto Romero Carillo";

(10) $5,271.73 as liquidated and other damages, to be reported on IRS Form 1099, and to be made payable by check to "Carlos Humberto Romero Carillo";

(11) $823.05 as wages, less applicable payroll taxes, deductions, withholdings, to be reported on IRS Form W-2, and to be made payable to "Jose Mendoza";

(12) $2,469.16 as liquidated and other damages, to be reported on IRS Form 1099, and to be made payable by check to "Jose Mendoza";

(13) $2,082.52 as wages, less applicable payroll taxes, deductions, withholdings, to be reported on IRS Form W-2, and to be made payable to "Ignacio Romero Marquez";

(14) $6,247.56 as liquidated and other damages, to be reported on IRS Form 1099, and to be made payable by check to "Ignacio Romero Marquez";

(15) $726.76 as wages, less applicable payroll taxes, deductions, withholdings, to be reported on IRS Form W-2, and to be made payable to "Ancelmo Chica Vigil";

(16) $2,180.28 as liquidated and other damages, to be reported on IRS Form 1099, and to be made payable by check to "Ancelmo Chica Vigil";

(17) $801.71 as wages, less applicable payroll taxes, deductions, withholdings, to be reported on IRS Form W-2, and to be made payable to "Douglas Friely";

(18) $2,405.12 as liquidated and other damages, to be reported on IRS Form 1099, and to be made payable by check to "Douglas Friely";

(19) $71,471.57 to be made payable by check to "Borrelli & Associates, P.L.L.C.," and to be report on IRS Form 1099 for their attorneys' fees and costs (comprising $69,264.21, or 1/3 of the net recovery as attorneys' fees, and $2,207.36 as the total costs to prosecute this action);

(c)     *Reporting; Delivery.* All payments shall be made by check out to "**Borrelli & Associates, P.L.L.C. as Attorneys.**" The Plaintiffs expressly understand and agree that they shall be solely responsible for the payment of all federal, state and local taxes due on payments, all of which shall be accounted for on an IRS Form 1099. As a necessary precondition to any payment, Plaintiffs must provide the Defendants with a properly completed, duly executed IRS Form W-9 for Plaintiffs and Borrelli & Associates, P.L.L.C. **All settlement payments shall be made by check and shall be delivered to: Borrelli & Associates, P.L.L.C., 1010 Northern Boulevard, Suite 328, Great Neck, NY 11021, Attn: Michael J. Borrelli, Esq.**

(4)     Breach; Cure. Should the Defendants fail to deliver any of the above payments as set out above, Plaintiffs' attorneys shall notify the Defendants' attorney in writing via email to Jonathan Bardavid, Esq., at jonathan@tfsllp.com. The Defendants will then be afforded five (5) business days following the date Plaintiffs' attorneys provided notice, to cure their breach by delivering any amounts due and owing to Plaintiffs' attorneys at the address listed above. In the event that the Defendants fail to timely cure said breach, the Defendants shall be assessed 200% of the entire unpaid settlement amount, which the Parties hereby agree is liquidated damages and not a penalty, and which shall immediately become due and owing. If Plaintiffs petition the Court, or institute a lawsuit, to enforce the provisions of this Agreement or determine breach of the Agreement, the prevailing Plaintiff(s) shall be entitled to recover his/their costs of litigation and all of his/their reasonable attorneys' fees, as well as the recovery of reasonable fees and costs

4

incurred to make any fee application. Any breach of this section of the Agreement shall be deemed a material breach by the Defendants, subject to the Defendants' right to cure as described above.

(5) <u>Release</u>: In consideration for the foregoing, the Plaintiffs, on behalf of themselves and their dependents, spouses, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, does hereby knowingly, voluntarily, unconditionally and irrevocably **WAIVE, RELEASE** and **FOREVER DISCHARGE** Defendants, as well as their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasees"), from any and all wage and hour claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, including those brought or which could have been brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, and related regulations, the New York Labor Law, and related regulations, or under any similar state or local laws, and any and all claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, costs, penalties, or attorneys' fees, based upon any conduct occurring through the date of the Plaintiffs' execution of this Agreement. To the fullest extent permitted by law, the Plaintiffs **PROMISE NOT TO SUE** <u>or bring any charges, complaints or lawsuits arising out of the claims hereby waived against the Defendants in the future</u>, with the exception of any petition or action to enforce the terms of this Agreement.

(6) <u>Each Party To Bear Its Own Attorney's Fees.</u> The Parties shall each bear their own attorney's fees, costs, and expenses, except as expressly provided herein.

(7) <u>Successors and Assigns</u>. This Agreement shall inure to the benefit of, and shall be binding upon, the successors and assigns of each of the Parties.

(8) <u>Entire Agreement</u>. This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties for Plaintiffs' Wage Claims alleged in the Action, and supersedes and cancels any and all prior oral and written agreements, if any, between and among them for these claims. The Parties warrant that there were no representations, agreements, arrangements or understandings between them, whether written or oral, relating to the subject matter contained in the Agreement which are not fully expressed herein and that no party has relied upon any such representations, agreements, arrangements or understandings, whether written or oral, in entering into this Agreement.

(9) <u>Modification in Writing</u>. This Agreement may not be altered, amended or modified, nor any of its provisions waived, except by a further agreement in writing signed by all of the Parties or by their respective counsel.

(10) <u>No Other Assurances</u>. The Plaintiffs acknowledge that, in deciding to execute this Agreement, they have not relied upon any promises, statements, representations or commitments, whether spoken or in writing, made to them by anyone, except for what is expressly stated in this Agreement.

(11) <u>Governing Law</u>.  This Agreement and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within New York, without regard to choice or conflict of laws principles.

(12) <u>Neutral Reference</u>.  Upon request from a prospective employer or other entity made to the Defendants, the Defendants shall provide a neutral reference confirming dates of employment and positions held by Plaintiffs, and will further state that it is company policy to only provide this information.

(13) <u>Joint Preparation</u>.  The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties.  The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiffs nor the Defendants shall be deemed the drafter, nor shall any such language be presumptively construed in favor of or against either the Plaintiffs or the Defendants.

(14) <u>Severability</u>.  If any provision, term or clause of this Agreement is declared by any court of competent jurisdiction or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, that provision, term or clause shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain in full force and effect and shall continue to be valid and binding upon all of the Parties.

(15) <u>Captions</u>.  Paragraph captions contained in this Agreement have been inserted herein only as a matter of convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

(16) <u>Execution</u>.  This Agreement may be executed in counterparts, each of which shall be deemed as an original but all of which shall constitute one and the same instrument.  This Agreement may be executed and delivered with original signatures or by facsimile or PDF-scanned signatures, any of which shall be deemed legally binding as fully as an original signature.

The parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

**IN WITNESS WHEREOF**, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth beneath their respective signatures below:

**PLAINTIFFS:**

_____[signature]_____      03/22/18
Jose Valerio                    Date

_____      _____
Omar Padilla                    Date

_____      _____
Anthony Leo                     Date

_____      _____
Bruno Romero                  Date

_____      _____
Carlos Humberto Romero Carillo     Date

_____      _____
Jose Mendonza                 Date

_____      _____
Ignacio Romero Marquez      Date

_____      _____
Ancelmo Chica Vigil            Date

_____      _____
Douglas Friely                 Date

The parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

**IN WITNESS WHEREOF**, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth beneath their respective signatures below:

**PLAINTIFFS:**

_____          _____
Jose Valerio                                Date

_/s/ Omar Padilla_____          _3/22/18_____
Omar Padilla                                Date

_____          _____
Anthony Leo                                 Date

_/s/ Bruno Romero_____           _3/22/18_____
Bruno Romero                                Date

_/s/ Carlos Humberto Romero Carillo_        _3/22/18_____
Carlos Humberto Romero Carillo              Date

_/s/ Jose Mendonza_____           _3/22/18_____
Jose Mendonza                               Date

_/s/ Ignacio Romero Marquez_____           _3/22/18_____
Ignacio Romero Marquez                      Date

_/s/ Ancelmo Chica Vigil_____           _3/22/18_____
Ancelmo Chica Vigil                         Date

_/s/ Douglas Friely_____           _3/22/18_____
Douglas Friely                              Date

7

| | |
|---|---|
| Omar Padilla | Date |

*[signature]*

| | |
|---|---|
| Anthony Leo | Date *[handwritten: 3/22/18]* |

| | |
|---|---|
| Bruno Romero | Date |

| | |
|---|---|
| Carlos Humberto Romero Carillo | Date |

| | |
|---|---|
| Jose Mendonza | Date |

| | |
|---|---|
| Ignacio Romero Marquez | Date |

| | |
|---|---|
| Ancelmo Chica Vigil | Date |

| | |
|---|---|
| Douglas Friely | Date |

**DEFENDANTS:**

| | |
|---|---|
| On behalf of RNC Industries, LLC | |

Name: _____   Title: _____

| | |
|---|---|
| Richard Tonyes | Date |

DEFENDANTS:

_____  _5/1/18_
On behalf of RNC Industries, LLC

Name: _RICHARD TONYES_   Title: _PRINCIPAL_

_____  _5/1/18_
Richard Tonyes                    Date

8